IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRI L. FOSTER<br>   on behalf of herself<br>   and others similarly situated<br><br>                    Plaintiff,<br><br>         v.<br><br>KRAFT FOODS GROUP, INC.,<br><br>                    Defendant.<br>------------------------------------------------<br>JOHN DZIADYK, CRISTIE BUZA, CRAIG JOHNSTON, and DONALD MIKEC,<br>   on behalf of themselves<br>   and all others similarly situated<br><br>                    Plaintiffs,<br><br>         v.<br><br>KRAFT FOODS GROUP, INC.,<br><br>                    Defendant. | CIVIL Action Nos. 2:09-cv-00453 and 2:12-cv-00205 |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

AND NOW, on this 15th day of January, 2013, this matter having come before the Court for hearing pursuant to the Order of this Court dated October 2, 2012, for approval of the settlement set forth in the Joint Stipulation and Settlement Agreement of Class Action Claims ("Stipulation" or "Settlement"), and due and adequate notice having been given to the Plaintiffs as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. All terms used herein shall have the same meaning as defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including all Plaintiffs.

3. Distribution of the Notice directed to the Plaintiffs as set forth in the Stipulation and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Plaintiffs who could be identified through reasonable effort, and was the best notice practicable under the circumstances. This Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. Zero (0) Plaintiffs objected to the Settlement. One (1) Plaintiff opted out of the Settlement.

4. Notification of the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 has been completed by Defendant as required.

5. This Court hereby approves the settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been

reached as a result of intensive, serious and non-collusive arms-length negotiations. The Court further finds that the Parties have conducted extensive and costly investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of these Actions. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Settlement Class of that monetary recovery. The Court finds that the Class is properly certified as a class for settlement purposes only.

6. For purposes of this Judgment, the term "Class" means "Class Members" or all present and former employees of Kraft, including Named Plaintiffs, who were employed by Kraft in the State of Pennsylvania as Wall-to-Wall Sales Representatives during the period from July 1, 2007 to March 31, 2012, and who did not elect to be excluded from the Class.

7. As of the Effective Date, each and every Released Claim and Released Federal Claim of each and every Class Member and Settlement Class member is and shall be deemed to be conclusively released as against the Released Parties. All Class Members and Settlement Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting the Released Claims and Released Federal Claims against the Released Parties.

8. The Stipulation and Settlement are not an admission by Kraft or any of the other Released Parties, nor is this Judgment a finding, of the validity of any claims in the Action or of any wrongdoing by Kraft or any of the other Released Parties. Neither this Judgment, the Stipulation, nor any document referred to herein, nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against Kraft or any of the other Released Parties of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Stipulation, and any negotiations or proceedings related thereto, shall not in any event

be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Kraft or any of the other Released Parties and shall not be offered in evidence in any action or proceeding against Kraft or any of the Released Parties in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment, the Stipulation, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding the Judgment, Stipulation, or any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

9.   The Court hereby enters this Judgment finally approving this Settlement. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

10.   The Court hereby awards Plaintiffs' Counsel attorneys' fees and costs ("Fees Award") in the amount of $583,333.33. Plaintiffs' Counsel shall not be entitled to any other award of attorneys' fees or costs in any way connected with Claims settled in this Action. The Court also hereby approves Incentive Awards to Named Plaintiffs and Buza Plaintiffs in the following amounts:

- Terri Foster (Named Plaintiff): $15,000.00

- John Dziadyk (Named Plaintiff): $15,000.00

- Craig Johnston (Named Plaintiff): $15,000.00

- Donald Mikec (Named Plaintiff): $15,000.00

- Cristie Buza (Named Plaintiff): $15,000.00

- Jenny Key (Buza named plaintiff): $15,000.00

- Laura Marconi (Buza named plaintiff): $15,000.00

- Thomas Steenbergen (Buza opt-in): $5,000.00

- Lin Greenwald (Buza opt-in): $5,000.00

The Court also approves the payment of claims administration expenses in the amount of $6,500.00. Any additional awards sought but not awarded for the Fees Award, Incentive Awards and/or the Claims Administration expenses shall remain the exclusive property of Defendant. Any separate appeal from the portion of this Judgment as to the Fees Award, the Named Plaintiffs' Incentive Awards or the award of claims administration expenses shall not operate to terminate or cancel the Stipulation or otherwise affect the finality of this Judgment.

11. After administration of the Settlement has been completed in accordance with the Stipulation and all amounts calculated, Kraft shall file a report with this Court setting forth the total of the Gross Settlement Amounts for the Settlement Class Members and certifying compliance with the terms of the Settlement.

12. The Court finds that the Stipulation is in good faith and constitutes a fair, reasonable and adequate compromise of the Released Claims and Released Federal Claims against Kraft.

13. If the Settlement does not become final and effective in accordance with the terms of the Stipulation, resulting in the return and/or retention of the Settlement Fund to Kraft consistent with the terms of the Settlement, then this Judgment and all earlier orders entered in connection herewith shall be rendered null and void and shall be vacated.

Dated: January 15, 2013

*Cathy Bissoon*
HON. CATHY BISSOON
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA